| | |
|---|---|
| **From:** | Samantha Stark |
| **To:** | WIWDml_newcases; WIWDdb_ecfhelp |
| **Subject:** | EMERGENCY PRO SE COMPLAINT FILING - STATUTE OF LIMITATIONS DEADLINE TODAY |
| **Date:** | Monday, July 27, 2026 11:49:01 PM |

**CAUTION - EXTERNAL:**

To the Clerk of courts,

My name is Samantha J. Stark. I am filing this Emergency Pro Se Civil Rights Complaint under 42 U.S.C. § 1983 today, July 27, 2026, to preserve my statute of limitations. Because I am facing a midnight deadline and having technical difficulties creating a PDF, I am placing my Complaint directly in the body of this email to toll the statute of limitations. I will promptly cure any formatting deficiencies or missing forms (such as the Civil Cover Sheet and IFP) upon receipt of a Notice of Deficiency. Please time-stamp this for today, July 27, 2026.

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WISCONSIN

SAMANTHA J. STARK,

Plaintiff,

v.

JACKSON COUNTY HEALTH AND HUMAN SERVICES; JACKSON COUNTY PUBLIC HEALTH; SANDRA STORANDT; MARK LARSEN; TAMMY HANDLY; STEPHANIE KENNEDY; BRANDY COBB; MEGAN OLSON,

Defendants.

EMERGENCY PRO SE CIVIL RIGHTS COMPLAINT (42 U.S.C. § 1983)

NOTICE: This Emergency Pro Se Complaint is being filed today, July 27, 2026, to preserve the statute of limitations. Plaintiff reserves the right and provides notice of intent to file a formalized Amended Complaint with additional details and formatting pursuant to Fed. R. Civ. P. 15(a).

I. INTRODUCTION & BACKGROUND

I am a disabled victim of severe domestic violence. For several years, I was in desperate need of assistance due to extreme trauma and poverty, living without electricity. Instead of providing the assistance required by their professional duties, Jackson County officials actively conspired to deny me aid, weaponized my trauma, and manufactured a fraudulent "IV Meth addict" narrative to strip my victim status and cover up their own malfeasance.

My financial situation was a direct result of injuries from severe domestic violence that prevented me from working. I was officially approved for SSDI with an onset date of October 1, 2019, with the Social Security Administration explicitly stating that substance use is NOT a contributing factor.

II. FACTUAL ALLEGATIONS

The Fraudulent "Minors-Only" Placards and Benefit Blockade

3. On July 27, 2023, Public Health posted placards explicitly citing a "Lack of a potable water supply". However, Sandra Storandt's contemporaneous notes from that exact day document my direct statement: "Sam said she has water today". The agency had actual knowledge that water was present, rendering the placards legally baseless.

4. The county intentionally deviated from standard practice by issuing targeted "minors-only" placards instead of a total vacate order. Because I had already sent my daughter to safety seven weeks prior, these placards served no protective purpose. Their true purpose was to legally block my daughter from returning home, intentionally stripping me of eligibility for emergency family assistance and WHEAP benefits, creating a state-engineered Catch-22

designed to permanently sever my family.

Objective Proof of Document Fabrication and the Arson Cover-Up

5. The county's only supporting documentation for placarding my home is a fraudulent "Compliance Letter" dated July 28, 2023. The county possesses absolutely no original complaint log, no inspection report, and no certified mail receipt for this July 28 letter to justify the enforcement actions.

6. The July 28, 2023 letter fraudulently cites a violation for "noxious odors due to burning plastic" observed on July 27, 2023. Official National Weather Service records prove Jackson County was under a severe Heat Advisory on July 27, 2023, with heat indices near 100 degrees. No emergency fire action was taken, and Mark Larsen's actual contemporaneous notes mention zero health hazards, zero garbage, and zero fires whatsoever, focusing only on my electric bill and child support.

7. The "burning plastic" violation was manufactured to cover up an arson committed by my abuser a month later. On August 30, 2023, at 12:33 AM, my abuser texted me a photo of a fire he started on my property. Later that day, Tammy Handly documented a "smoldering" burn pit in her notes. Officials retroactively inserted this August 30th fire into the backdated July 28th letter.

8. The fraudulent July 28, 2023 letter bears Mark Larsen's signature. However, Larsen resigned effective August 15, 2023. Because the letter incorporates the August 30th arson event, it is impossible for Larsen to have authored or signed it, proving forgery or malicious alteration.

Malicious Delay, Deceptive Practices, and the "Implied Consent" Trap

9. Sandra Storandt intentionally delayed verifying my daughter's safety for 15 days. On August 11, 2023, at 12:10 PM, Storandt contacted Child Support and immediately received my ex-husband's phone number. A mere three minutes later, at 12:13 PM, she called him. This proves she had the internal resources to acquire his number all along, yet prioritized unscheduled home visits and deceitful text messages to extract the number directly from me to manufacture "implied consent".

10. During the August 11 phone call, Storandt introduced her fabricated narrative to my ex-husband, whose preexisting plan was for my daughter to return to me before school. Fed these fabrications, he changed his stance, and Storandt actively coached him and his wife on how to file for emergency custody, intentionally bypassing formal CHIPS proceedings and stripping my statutory rights.

The Fraudulent Crisis Assessment and SSDI Sabotage

11. On August 24, 2023, Crisis Worker Stephanie Kennedy conducted a pre-planned, bad-faith interrogation. Kennedy falsely documented that "both the inside and outside of the home" had a "strong odor of cat urine and feces" and were in disarray with "diapers" and "empty food containers". Kennedy admitted later in the same report that we "met outside" and she never entered my home. She weaponized outside trash (unopened adult diapers left by a previous tenant) to imply I lived in indoor filth.

12. Kennedy maliciously undermined my physical disabilities, coded me as a "Drug Client," and falsely escalated prior fabrications by stating CPS observed a "needle with methamphetamine in it". She offered zero trauma support after I disclosed a recent rape.

13. Because I refused to sign Kennedy's backdated forms, she possessed no signed releases. Despite this, on November 30, 2023, Disability Specialist Megan Olson unlawfully transmitted Kennedy's unconsented, fabricated Crisis Report to the Social Security Administration, maliciously delaying my SSDI determination.

Forensic Proof of Tampering

14. Digital metadata audit logs prove that Jackson County staff engaged in coordinated document tampering, backdating screening decisions and aggressively data-mining my files

prior to official intake reports to build a predetermined narrative against me.

III. CAUSES OF ACTION

15. Violation of 14th Amendment (Due Process): Defendants engaged in evidence manufacturing, forgery, and the deliberate creation of a state-created danger by falsifying records to bypass statutory child welfare procedures and strip my custody rights without due process.

16. Violation of 4th Amendment (Unreasonable Seizure): Defendants unlawfully placarded my property based on fraudulent, fabricated health hazard violations, seizing my property rights and access to benefits without legal authority.

IV. PRAYER FOR RELIEF

Plaintiff respectfully requests compensatory damages, punitive damages, declaratory relief, and all other relief this Court deems just and proper.

Respectfully submitted this 27th day of July, 2026.


Samantha J. Stark

W10853 Hawk Island Rd
Black River Falls, Wi 54615

mylifereallysucks79@gmail.com
715 896-8090


CAUTION - EXTERNAL EMAIL: This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.